IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITY OF MARION and ILLINOIS PUBLIC RISK FUND, <br><br> Plaintiffs, <br><br> vs. <br><br> MOORMAN FARMS, INC., ROBERT METCALF, and PATTON BRADLEY, <br><br> Defendants. | ) ) ) ) ) ) ) No.: 13-619-MJR-SCW ) ) ) ) ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

NOW COMES, Plaintiffs CITY OF MARION and ILLINOIS PUBLIC RISK FUND, by and through their attorneys, Rusin Maciorowski & Friedman, Ltd., and for their Complaint at Law, hereby states as follows:

### PARTIES

1. Plaintiff, CITY OF MARION, is a municipality located in Williamson County, Illinois. The CITY OF MARION employed Defendant PATTON BRADLEY at all times relevant to this Complaint and the underlying claims for injuries.

2. Plaintiff, ILLINOIS PUBLIC RISK FUND ("IPRF"), at all relevant times and material hereto, was an entity organized under the Intergovernmental Cooperation Act of the State of Illinois to jointly self-insure public agencies though intergovernmental contracts. IPRF's offices are located in Du Page County at 3333 Warrenville Road, Suite 550, Lisle, IL 60532.

3. Defendant PATTON BRADLEY is an individual who, at all times relevant to this Complaint, was an employee of the CITY OF MARION who resided within Williamson County and was and continues to be a citizen of the State of Illinois.

4. Defendant MOORMAN FARMS is a company with its principal place of business in Utica, Kentucky. MOORMAN FARMS employed Defendant METCALF and owned the semi-tractor trailer involved in the accident of March 3, 2010.

5. Defendant ROBERT METCALF was an employee of MOORMAN FARMS and operating a vehicle involved in an accident with PATTON BRADLEY on or about March 3, 2010. METCALF is a resident of Cloverport, KY and a citizen of the State of Kentucky.

## FACTS COMMON TO ALL COUNTS

6. The CITY OF MARION employed Defendant PATTON BRADLEY on and around March 3, 2010.

7. On March 3, 2010, Defendant PATTON BRADLEY, sustained injuries which arose out of, and in the course of his employment with the CITY OF MARION.

8. The CITY OF MARION paid benefits to and on behalf of Defendant PATTON BRADLEY, pursuant to the Illinois Workers' Compensation Act.

9. PATTON BRADLEY filed suit in the Southern District of Illinois under Case No. 11-cv-247-MJR-PMF for personal injuries sustained in the March 3, 2010 accident. Said filing was made as against MOORMAN FARMS, INC. and its employee, ROBERT METCALF. (See copy of said filing as "Exhibit A" hereto.)

10. The CITY OF MARION, on or about August 29, 2012, intervened in the Federal Action in an effort to protect its lien. (See copy of Order granting intervention as "Exhibit B" hereto.)

11. The CITY OF MARION thereby asserted its lien in the amount of $321,256.17 for amounts expended up to that point in time.

12. After settlement conferences were conducted between the parties and with the

assistance of assigned Magistrate Judge Phillip Frazier, a settlement was reached wherein the CITY OF MARION would collect $190,112.89 in satisfaction of the workers' compensation lien. (See Release as "Exhibit C" hereto.)

12. Said settlement, as discussed with Magistrate Judge Frazier, also contemplated a full dismissal and closure of the pending workers' compensation case filed against the CITY OF MARION by PATTON BRADLEY.

13. Counsel for Plaintiff, instead of effectuating a dismissal of the pending workers' compensation matter through approval of lump sum settlement contracts at the Commission, submitted a dismissal order on 2012 WC 027637 as of October 18, 2012, which was entered on November 7, 2012. (See letter and order as "Exhibit D" hereto.)

14. Subsequent thereto, PATTON BRADLEY re-filed his workers' compensation claim, citing to his previous filing, 2012 WC 27639, as "voluntarily dismissed" and listing the same date of accident of March 3, 2010 on his Application for Adjustment of Claim under number 2012 WC 43395 as filed on December 12, 2012. (See copy of Application as "Exhibit E" hereto.)

15. The CITY OF MARION, through its insurer, ILLINOIS PUBLIC RISK FUND, denied coverage for this claim, it having been resolved through settlement of the underlying Federal suit.

16. PATTON BRADLEY, through his current counsel, has asserted that the settlement of the underlying claim did not close-out any benefits payable by Plaintiffs for the March 3, 2010 accident and merely served to waive any future claims or liens by Plaintiffs on amounts paid to PATTON BRADLEY for this claim. (See copy of Declaratory Judgment filed by Bradley as "Exhibit F" hereto.)

## JURISDICTION AND VENUE

17. This Court has jurisdiction over this action pursuant to 28 USC § 1332 as there exists complete diversity between the Plaintiffs and Defendants and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

18. Venue is proper in this district pursuant to 28 USC § 1391 (a)(1) and (2) as some of the Defendants reside in this district and a substantial part of the events giving rise to this litigation occurred in this district including, but not limited to, the global settlement reached in the underlying litigation. Venue is also proper in this district pursuant to 28 USC § 1391 (c) as Defendants are subject to personal jurisdiction herein.

19. This matter presents an actual controversy with respect to which the Court may declare the rights and obligation of the parties pursuant to 28 USC § 2201.

## COUNT I - BREACH OF CONTRACT (PATTON BRADLEY)

20. Plaintiffs repeat and re-allege paragraphs 1-19 above as and for its paragraph 20 of this Complaint.

21. Plaintiffs specifically intervened within the underlying Federal Action for personal injuries to protect their lien, which was open at the time of said filing.

22. Plaintiffs specifically negotiated with the parties, through the Magistrate's pre-trial conference(s), to close-out the underlying workers' compensation claim by way of what is commonly known as a "dollar contract."

23. Plaintiffs would not have accepted the amounts offered towards their lien if, in fact, said settlement agreement did not also close the workers' compensation benefits that would be payable to BRADLEY by the VILLAGE OF MARION. It would make no sense to agree to

accept an amount less than their total lien amount if the underlying matter would not be (also) closed.

24. The amounts offered to VILLAGE OF MARION towards their lien were only a small fraction of the existing lien, let alone the possible future lien if the workers' compensation claim of BRADLEY were to remain open past said settlement.

25. BRADLEY made an offer of $190,112.89 of his $650,000.00 settlement to satisfy the existing lien of the VILLAGE OF MARION, but also to close-out any future rights to benefits under the existing workers' compensation claim for the March 3, 2010 accident involving METCALF.

26. Plaintiffs accepted this amount from the global settlement amount, which represented only 60% of the existing lien, under the express condition that this would also cut-off any future benefits payable to BRADLEY under his existing workers' compensation claim pending at the Commission.

27. BRADLEY then complied with the promise to dismiss his workers' compensation claim by having an order of dismissal entered by the Commission on November 7, 2012. (Exhibit D)  The correspondence accompanying this order from counsel for BRADLEY confirms the mutual understanding of the parties as to the underlying workers' compensation matter being dismissed as a part of a "global" settlement of the March 3, 2010 accident. (See "Exhibit G" hereto.)

28. BRADLEY then breached the terms of the settlement agreement between the parties by re-filing his claim for workers' compensation benefits for the March 3, 2010 accident on December 12, 2012. (Exhibit E)

29. If a closure of the underlying workers' compensation matter was not also contemplated as a part of the settlement discussions in the Federal personal injury suit, there would have been no reason for BRADLEY to have dismissed his initial claim with the Commission.

30. PLAINTIFFS have suffered damages in that they have been forced to defend this re-filed action, through counsel, at the Commission, to defend, though counsel, a separate declaratory judgment filed by BRADLEY in state court and to file their own action, through counsel, regarding said breach of the settlement agreement.

31. The failure of performance as to BRADLEY not dismissing his workers' compensation claim with prejudice and, in fact, re-filing his claim one month after an order of dismissal was entered on the original filing by the Commission constitutes a material breach permitting rescission of the settlement contract.

32. As the breach of the settlement contract goes to an essential element of the compromise and agreement of the parties and amounts to refusal to perform as to a full and final dismissal of the underlying workers' compensation claim of BRADLEY, Plaintiffs are entitled to sue on the settlement agreement for the breach.

WHEREFORE, Plaintiffs request that the Court enter an order indicating that the prior settlement agreement was binding on the parties thereto, that BRADLEY breached the settlement agreement by re-filing a claim for benefits for the same accident involved in the settlement agreement, and that Plaintiffs are entitled to damages for said breach in an amount to be determined by this Court.

## COUNT II – DECLARATORY JUDGMENT (PATTON BRADLEY)

33. Plaintiffs repeat and re-allege paragraphs 1-32 above as and for its paragraph 33 of this Complaint.

34. Defendant BRADLEY has asserted that the settlement of the underlying Federal third-party suit and payment of $190,112.89 to Plaintiffs towards their (then) existing lien served to completely extinguish any rights Plaintiffs would have to enforce a lien on further amounts they might pay toward said claim, but would not serve to close-out benefits payable under that same claim. (Exhibit F)

35. Plaintiffs submit that there was nothing discussed at the settlement conference(s) with Magistrate Judge Frazier which anticipated Plaintiffs accepting $190,112.89 and keeping the underlying workers' compensation claim open, without rights to enforce a lien on future amounts.

36. In fact, there would be no benefit to Plaintiffs accepting this type of agreement as their lien is statutorily protected and they could have insisted on all amounts payable to BRADLEY in the underlying Federal suit being placed into a "trust" account until such time as the workers' compensation claim was finalized to allow for repayment of all statutorily available amounts to Plaintiffs.

37. The only reasonable interpretation of the settlement conference(s) that took place with Magistrate Judge Frazier anticipates a close-out of both the personal injury suit and the workers' compensation claim at the same time, with Plaintiffs agreeing to accept only a portion of their statutory lien for the added benefit of closing-out all benefits in the workers' compensation matter.

38. There is nothing within the Release which would indicate that BRADLEY was entitled to maintain his current workers' compensation filing. (See Release as "Exhibit H" hereto.)

39. In fact, counsel for BRADLEY submitted a dismissal order on the workers' compensation claim, which was entered on November 7, 2012. (Exhibit D.)

40. Similarly, there is nothing within the Release signed by Plaintiffs which would indicate that BRADLEY was entitled to re-file a claim for the exact same accident of March 3, 2010 and seek additional benefits in that manner from Plaintiffs. (Exhibit H.)

41. BRADLEY's (re-filed) claim with the Illinois Workers' Compensation Commission is a clear attempt to secure additional benefits when he, while represented by competent counsel, already agreed to close-off such benefits in order to obtain the amounts offered by MOORMAN/METCALF in the underlying personal injury matter, and to entice Plaintiffs to accept less than their statutorily-protected amounts towards their lien.

WHEREFORE, PLAINTIFFS demand judgment as follows:

A. A declaration that the global settlement reached in 11-cv-247-MJR-PMF was meant to extinguish all avenues of recovery for PATTON BRADLEY as to his claim for injuries revolving around an accident of March 3, 2010 and including a dismissal of his 2012 WC 027637, without leave to re-file same;

B. A declaration that PLAINTIFFS owe no benefits to PATTON BRADLEY in 2012 WC 43395 or any other claim for benefits which might be filed with the Illinois Workers' Compensation Commission for injuries alleged to have been sustained during the course of his employment with the CITY OF MARION on or about March 3, 2010; and

C. Such other relief, legal or equitable, as this Honorable Court may deem just and proper.

## COUNT III – NECESSARY PARTIES
### (MOORMAN FARMS, INC. and ROBERT METCALF)

42. MOORMAN FARMS, INC. and ROBERT METCALF are joined in this litigation because both were defendants in the underlying Federal filing by PATTON BRADLEY and were parties to the global settlement reached in that matter. (Exhibit A)

43. MOORMAN FARMS, INC. and ROBERT METCALF paid certain amounts to PLAINTIFFS in the underlying Federal filing for settlement, totalling $190,112.89 out of a global amount of $650,000.00.

44. MOORMAN FARMS, INC. and ROBERT METCALF will be dismissed from this litigation should they both agree to be bound by the judgment reached by this Court with respect to the underlying global settlement agreement.

WHEREFORE, Plaintiffs request that this Court enter an order binding Defendants MOORMAN FARMS, INC. and ROBERT METCALF to any other judgement rendered in the course of this litigation and for whatever other relief this Court shall deem just and appropriate.

Respectfully submitted,

s/ Yvonne M. O'Connor
Yvonne M. O'Connor, One of the Attorneys for Plaintiffs

Michael E. Rusin, #3122082
Yvonne M. O'Connor, #6257808
Rusin Maciorowski & Friedman
Attorney for PLAINTIFFS
10 S. Riverside Plaza, #1530
Chicago, IL 60606
312-454-5110